SCHWAB, C. J.
The state concedes that defendant’s conviction for driving under the influence of intoxicants must be reversed and remanded for a new trial because of Brown v. Multnomah County Dist. Ct., 280 Or 95, 570 P2d 52 (1977), which was decided after defendant was tried. Defendant responds that outright reversal without remand is required because: (1) Brown now requires that guilt in a case like this be established beyond a reasonable doubt; and (2) at the conclusion of defendant’s pre-Brown trial, the court stated that the evidence did not establish guilt beyond a reasonable doubt.
We are not persuaded that reversal without remand is warranted. When defendant was tried, a statute provided that proof need only be by a preponderance of the evidence, and there was no binding precedent that the statute was invalid. It is possible that the prosecution, relying on the statute, failed to produce available evidence. Because defendant was tried civilly, submission to criminal jeopardy is not barred by former criminal jeopardy. The rules of the game having been subsequently changed in Brown, both sides are entitled to a rematch under the new rules.
Defendant also asks that we rule that district courts cannot require payment of a "court reporter’s fee” in DUII prosecutions. Defendant may technically be correct in stating this issue was not decided in Brown; however, the clear implication of the Brown rationale is that the same rules governing imposition of fees in criminal cases are now applicable to DUII prosecutions.
Reversed and remanded for new trial.